The STATE of Ohio, Appellee,

v.

UNGERER, Appellant.

[Cite as *State v. Ungerer* (1993), 87 Ohio App.3d 110.]

Court of Appeals of Ohio,
Medina County.

No. 2168.

Decided May 12, 1993.

*John Lohn,* Medina County Assistant Prosecuting Attorney, and *Joseph A. Gambino,* for appellee.

*L. Ray Jones,* for appellant.

REECE, Judge.

On April 25, 1992, defendant-appellant, Judy G. Ungerer, was cited for operating a motor vehicle under the influence of alcohol and/or drugs in violation of R.C. 4511.19(A)(1). On June 9, 1992, Ungerer entered a written plea of not guilty by reason of insanity and moved the court to conduct a sanity evaluation

pursuant to R.C. 2945.39. Thereafter, the court denied Ungerer's motion, struck her insanity plea and entered a plea of not guilty on her behalf. When the matter came before the court, Ungerer changed her plea to no contest and was found guilty of the charged offense. Ungerer filed a timely appeal in which she raises the following assignment of error:

"Even in a strict liability offense, such as a violation of R.C. 4511.19, a not guilty by reason of insanity plea should be accepted by the court as such plea is equivalent to involuntariness because of the incompacity [*sic*] to know the wrongfulness of the act. Such plea should be allowed and the matter should be then pursued according to law."

■ From the outset, we acknowledge that strict liability crimes are the exception and not the rule in our system of criminal justice. *United States v. Launder* (C.A.9, 1984), 743 F.2d 686, 689. But, when it becomes necessary to control the conduct of many people, strict liability offenses permit the efficient prosecution of large numbers of violators. 22 Corpus Juris Secundum (1989) 37–38, Criminal Law, Section 32, fn. 43. This is particularly true in controlling the use and operation of motor vehicles. (For a discussion of the state's overriding concern in controlling the operation of motor vehicles by persons under the influence of alcohol or drugs, see *State v. Grimsley* [1982], 3 Ohio App.3d 265, 267–268, 3 OBR 308, 310–312, 444 N.E.2d 1071, 1074–1076, fn. 5; *State v. Cleary* [1986], 22 Ohio St.3d 198, 22 OBR 351, 490 N.E.2d 574.)

In furtherance of this goal, the Ohio Supreme Court has adopted the Ohio Traffic Rules which are "to be followed in all courts of this state in traffic cases * * *." Traf.R. 1(A). Pursuant to Traf.R. 10(A), "[a] defendant may plead not guilty, guilty or, with the consent of the court, no contest." The Staff Notes to Traf.R. 10(A) state in part:

"Traf.R. 10(A) does not recognize the plea of not guilty by reason of insanity. In all other respects it is the same as Crim.R. 11(A). The pleas of guilty, not guilty, and no contest may be made orally and the plea of no contest requires the consent of the court. The consent, where given, should be entered upon the record."

■ Based on the foregoing, we find that the affirmative defense of not guilty by reason of insanity is not available to a defendant charged with violating the traffic laws of this state. Accordingly, we find no error in the trial court's refusal to accept Ungerer's insanity plea and entering a not guilty plea on her behalf. Ungerer's assignment of error is therefore overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

BAIRD, P.J., and DICKINSON, J., concur.